UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE: | : | CASE NO. 23-58088-BEM |
| | : | |
| KISHA RUSSELL GREEN, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| S. GREGORY HAYS, as Chapter 7 trustee for the estate of Kisha Russell Green, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. _____ |
| | : | |
| ALICE WEATHERSPOON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Estate**" or "**Bankruptcy Estate**") of Kisha Russell Green ("**Debtor**"), by and through undersigned counsel, and files this Complaint (the "**Complaint**") against Alice Weatherspoon ("**Defendant**").

**Jurisdiction, Venue, and Parties**

1.

This adversary proceeding is initiated pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and 11 U.S.C. § 542.

2.

This Court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 157 and 1334 because the claims asserted herein arise under Title 11 of the United States Code (the "**Bankruptcy Code**").

3.

Defendant is subject to the jurisdiction of this Court and may be served under Rule§7004(b)(1) of the Federal Rules of Bankruptcy Procedure by first class United States Mail to the following address:

Alice Weatherspoon
2000 Summer Gate Ct.
Marietta, Georgia 30060

4.

This adversary proceeding arises in and relates to the Chapter 7 bankruptcy case *In re Kisha Russell Green*, Case No. 23-58088-BEM (the "**Case**" or "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division (the "**Court**" or the "**Bankruptcy Court**").

5.

This Complaint is a core proceeding pursuant to 28 U.S.C. §157.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because Debtor's case is pending in this district and this division.

7.

Trustee consents to the entry of final orders or judgment by the Bankruptcy Court.

**Statement of Facts**

*a. General Background Facts*

Debtor initiated the underlying Bankruptcy Case by filing a voluntary petition for relief

under Chapter 7 of the Bankruptcy Code on August 22, 2023 (the "**Petition Date**"). On October 11, 2023, the Court entered an Order [Doc. No. 14] granting the Debtor's Motion [Doc. No. 13] to convert the Case to Chapter 13. On May 22, 2025, the Court entered an Order [Doc. No. 60] granting the Debtor's Motion [Doc No. 58] to reconvert the Case to Chapter 7.

8.

Shortly thereafter, Trustee was appointed as the Chapter 7 trustee in this Case, and he remains in that role.

9.

Upon Debtor's filing her voluntary bankruptcy petition, the Bankruptcy Estate was formed, and it includes all of Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. See 11 U.S.C. § 541(a)(1). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323.

### b. The Property

On June 5, 2025, Debtor filed her amended schedules of assets and liabilities [Doc. No. 63] (the "**Schedules**") together with her Statement of Financial Affairs [Doc. No. 63] (the "**SOFA**").

10.

On her Schedule A/B, Debtor indicated that Debtor is the co-owner of property located at 2000 Summer Gate Ct., Marietta, Cobb County, Georgia 30060 (the "**Property**") with a scheduled value of $354,276.00 and that the value of the portion owned by Debtor is $177,138.00. On her Schedule C, Debtor claimed an exemption in the Property in the amount of $11,200.00.

11.

Trustee believes that the Property has a value of at least $329,800.00, and that the Property may be subject of a mortgage in the approximate amount of $40,000.00 (based on the original amount of $107,000.00 in 2003).

12.

Defendant resides at the Property.

13.

Defendant is the widow of Debtor's late grandfather, Elijah Jones, Sr.

14.

Defendant does not hold any ownership of record on any deed relating to the Property.

15.

Defendant has stated to Debtor and others that she does not want to remain in the Property.

**COUNT I**
**(Claim for Turnover under 11 U.S.C. § 542)**

16.

Plaintiff realleges the allegations of paragraphs 1 through 15 above as though fully set forth herein.

17.

Debtor's interest in the Property became property of the Bankruptcy Estate as of the Petition Date.

18.

Plaintiff seeks immediate turnover of the Property.

19.

Pursuant to section 542(a) of the Bankruptcy Code:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title … shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

20.

Pursuant to 11 U.S.C. § 542(a), the Plaintiff is entitled to the turnover of the Property by Defendant.

WHEREFORE, Plaintiff prays that this Court enter:

a) a judgment in favor of Plaintiff and against Defendant requiring the turnover of the Property to Plaintiff under 11 U.S.C. § 542;

b) a judgment in favor of Plaintiff and against Defendant reimbursing Plaintiff for all costs incurred in this action, including interest and attorney's fees; and

c) a judgment in favor of Plaintiff and against Defendant granting such other and further relief as is just and proper.

Respectfully submitted this 23rd day of January, 2026.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220